```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION AT LEXINGTON

MIHAIL I. PAPAIOAN,              )
                                 )
     Plaintiff,                  )   Civil Action No. 11-82-JMH
                                 )
vs.                              )
                                 )
NATALIE C. RILEY, et al.,        )   **MEMORANDUM OPINION**
                                 )          **AND ORDER**
     Defendants.                 )
```

                    ****   ****   ****   ****

Plaintiff Mihail I. Papaioan is an inmate confined at the Federal Prison Camp - Allenwood in White Deer, Pennsylvania. Papaioan, proceeding without counsel, has filed a civil rights complaint under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 2] Defendants Natalie C. Riley, Ph.D.; Amanda Hughes, Ph. D., Rick Dooley, M.A., and K. Hungness, Psy. D., have filed a motion to dismiss the complaint, or in the alternative for summary judgment [R. 7] to which Papaioan has responded. [R. 12] This matter is therefore ripe for determination.

## BACKGROUND

In his complaint, Papaioan indicates that while incarcerated at the Federal Medical Center (FMC) in Lexington, Kentucky, he began participation in the prison's drug treatment program on July 22, 2009. He alleges that from that date forward he was sexually harassed by defendant Riley, whom he contends made inappropriate advances towards him which included physical contact. [R. 2 at 2]

He further alleges that when he would not respond to her advances, Riley amended his treatment plan and made him repeat the second phase of the program.  He further alleges that at Riley's behest, defendants Dooley and Hughes verbally harassed him in retaliation. Finally, he alleges that the defendants falsified documents, although he doesn't specify the documents he is referring to or the manner of their alteration.  Papaioan indicates that he was ultimately expelled from the program.  [R. 2 at 2-4]  The complaint makes no allegations against defendant Hungness, but does request damages against him.

In their motion for summary judgment, the defendants have produced evidence that Papaioan was persistently disruptive and uncooperative throughout his participation in the drug abuse program.  [R. 7-1 at 3-4; R. 7-4 ("Riley Decl.") at 2; R. 7-8 ("Hughes Decl.") at 2]  For instance, program participants were directed to write a letter to family or friends who had been negatively affected by their drug abuse or criminal conduct.  When Papaioan instead chose to write a letter to his dog, program staff intervened and he was ordered to redo the assignment.  Riley Dec. at 3-4.  When Papaioan remained uncooperative and repeatedly failed to reach program goals, his treatment plan was amended accordingly. Papaioan was "held back" and returned to phase one because of his lack of progress and combative attitude, as was documented in BOP records.  [R. 7-5 at 1, 7]  Ultimately, he was expelled from the program when he deliberately ignored an order from program staff.

[R. 7-6 at 2]

Riley states that after Papaioan was expelled, other program participants approached her and stated that Papaioan told them that he intended to fabricate claims against the program staff in an effort to obtain revenge for his expulsion. [R. 7-4 at 6] When those participants indicated that Papaioan intended to allege that Riley had sexually harassed him, consistent with prison policy, FMC's internal affairs department commenced an investigation, and Papaioan was interviewed. [R. 7-14 at 2] During that interview, Papaioan expressly denied that he had been sexually harassed or assaulted, stated that he was doing well and was relaxed, and he smirked and winked at the interviewer. [R. 7-12 at 2] Five other inmates provided affidavits regarding their conversations with Papaioan, each indicating that Papaioan either expressly admitted or suggested that he had manufactured the claims against Riley in an effort to embarrass her personally and professionally. [R. 7-14 at 3-5; R. 17-16 at 9-10; R. 17-16 at 13-14; R. 17-16 at 17-18; R. 17-16 at 21-22; R. 17-16 at 25-26] Based on the evidence provided, the special investigative officer completed the investigation and prepared an extensive report finding that overwhelming evidence supported the conclusion that Papaioan's allegations were false. [R. 7-16 at 1, 8]

On September 16, 2010, Papaioan was transferred from FMC-Lexington to the Federal Prison Camp in Allenwood, Pennsylvania. During his initial intake interview, Papaioan acknowledged a

history of past substance abuse. He also stated that he was removed from the drug program in Lexington, because of "faulty thinking," but made no mention of his current allegations of retaliation. Further, he expressly "denied being the victim or perpetrator of any sexual assaults while incarcerated." [R. 7-13 at 7]

## DISCUSSION

The defendants' motion to dismiss the complaint must be treated as a motion for summary judgment under Rule 56 because they have attached documents and affidavits extrinsic to the pleadings in support of it. Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). A motion under Rule 56 challenges the viability of the another party's claim by asserting that at least one essential element of that claim is not supported by legally-sufficient evidence. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). If the moving party demonstrates that there is no genuine dispute as to any material fact and that she is entitled to a judgment as a matter of law, she is entitled to summary judgment. *Kand Medical, Inc. v. Freund Medical Products, Inc.*, 963 F.2d 125, 127 (6th Cir. 1992).

The moving party does not need her own evidence to support this assertion, but need only point to the absence of evidence to support the claim. *Turner v. City of Taylor*, 412 F.3d 629, 638 (6th Cir. 2005). The responding party cannot rely upon allegations

in the pleadings, but must point to evidence of record in affidavits, depositions, and written discovery which demonstrates that a factual question remain for trial. *Hunley v. DuPont Auto*, 341 F.3d 491, 496 (6th Cir. 2003); *United States v. WRW Corp.*, 986 F.2d 138, 143 (6th Cir. 1993) ("A trial court is not required to speculate on which portion of the record the non-moving party relies, nor is there an obligation to 'wade through' the record for specific facts.").

The court reviews all of the evidence presented by the parties in a light most favorable to the responding party, with the benefit of any reasonable factual inferences which can be drawn in his favor. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). If the applicable substantive law requires the responding party to meet a higher burden of proof, his evidence must be sufficient to sustain a jury's verdict in his favor in light of that heightened burden of proof at trial. *Harvey v. Hollenback*, 113 F.3d 639, 642 (6th Cir. 1997); *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1444 (6th Cir. 1993).

As a preliminary matter, Papaioan has moved to strike the affidavits filed by each of the defendants on the ground that the language in each of them is identical. Papaioan contends that this

indicates that the statements made in each of them is not based upon personal knowledge, and alleges that counsel for the defendants has committed a fraud upon the Court. [R. 19] These same allegations also form the basis for his motion for sanctions. [R. 20] Papaioan's motions are without merit. A cursory review of the affidavits submitted by each of the defendants makes clear that while certain paragraphs contained in each of the affidavits relate to knowledge that each of the affiants would have had with respect to the drug treatment program generally and Papaioan's participation in it, other paragraphs relate to each affiant specifically and his or her interactions with him. Further, nothing in the affidavits suggests that the statements made in them are not based upon the affiants' personal knowledge of the facts described. The Court will therefore deny Papaioan's motions.

With respect to Papaioan's claims that he was sexually harrassed or abused, the Court will grant summary judgment on this claim because the extensive evidence placed in the record establishes that the defendants would be entitled to a directed verdict on this claim. *Anderson*, 477 U.S. at 251. The defendants have provided affidavits from a number of inmates which indicate that Papaioan fabricated the claim in an effort to obtain revenge from his expulsion from the program. [R. 7-14 at 3-5; R. 17-16 at 9-26] Further, Papaioan expressly recanted his allegation that he had been the victim of sexual harassment [R. 7-12 at 2] and later advised staff at another prison that he had never been subjected to

a sexual assault. [R. 17-13 at 7] Where the evidence presented by the defendants consistently rebuts the notion that any improper conduct occurred, and the plaintiff himself has at least twice indicated - contrary to his current allegations - that no misconduct occurred, no fair-minded jury could render a verdict in his favor based upon a preponderance of the evidence, necessitating summary judgment. *Bailey v. Papa John's USA, Inc.*, 211 F. App'x 417, 419 (6th Cir. 2006); *Burnett v. Sonya Express, Inc.*, 2009 WL 159688, at *3-4 (M.D. Tenn. 2009) (*citing Anderson*, 477 U.S. at 248).

With respect to Papaioan's claim that he was expelled from the drug abuse program because he refused to cooperate with sexual advances by staff, the record conclusively establishes otherwise. Documentary evidence from the program indicates that Papaioan was consistently uncooperative and repeatedly failed to meet program goals, resulting in intervention by staff on multiple occasions. He was later required to repeat the first phase of the program, and he was ultimately expelled when he ignored orders by staff. [R. 7-1 at 3-4; R. 7-4 at 2; R. 7-8 at 2] He was then removed from the program using the steps established by BOP regulation.

Papaioan may not challenge his removal from the program on Due Process grounds, as he had no protectable liberty interest in remaining in the program. *Sesi v. United States Bureau of Prisons*, 2000 WL 1827950, at *2 (6th Cir. 2000). The Court does not interpret Papaioan's complaint to assert a First Amendment

retaliation claim, but to the extent it could be read to do so, the claim would fail as a matter of law. Papaioan makes no allegation that he engaged in any constitutionally protected conduct before his expulsion from the drug program, the alleged retaliatory act upon which any such claim by Papaioan would be predicated. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010). Finally, the evidence establishes that Papaioan's conduct would have warranted removal from the program even without the alleged retaliatory animus, and any such claim would therefore fail. *Smith v. Campbell*, 250 F.3d 1032, 1039 (6th Cir. 2001); *O'Bryant v. Finch*, 637 F.3d 1207, 1219-20 (11th Cir. 2011).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motions to strike affidavits [R. 20] and for sanctions [R. 21] are **DENIED**.

2. Defendants' motion for summary judgment [R. 7] is **GRANTED.**

3. Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

4. The Court will enter an appropriate Judgment.

Entered this 28th day of March, 2012.



Signed By:
Joseph M. Hood
Senior U.S. District Judge